# W. E. THORNSBERRY, Appellant, v. CITY OF CAMPBELL, Respondent.*

In the Springfield Court of Appeals. Opinion filed August 13, 1925.

MUNICIPAL CORPORATIONS: Public Officers: Salaries: Term of Office: Ordinance Changing Salary During Term Held Inoperative as to One Elected to Fill Vacancy. Where city ordinance, passed after term of city marshal began, changed salary of the office, and thereafter incumbent of the office resigned and appellant was elected to fill out the unexpired term, such ordinance was inoperative, not only as to original incumbent, but also as to appellant, his successor, during the remainder of the term; in view of section 8422, Revised Statutes 1919, providing salaries of officers shall not be changed "during time for which elected or appointed;" and further in view of section 8402, Revised Statutes 1919, fixing definite term of two years for marshal in city of fourth class; such

term not being divisible, but constituting one term, regardless of whether occupant of the office changes during the term or not.

*Headnote 1.   Municipal Corporations, 28 Cyc., p. 459.

Appeal from the Circuit Court of Dunklin County.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED (*with directions*).

*John T. McKay,* of Kennett, for appellant.

(1) The finding and judgment of the court is against the evidence and the weight of the evidence and against the law under the evidence. (a) The ordinance passed and approved March 4, 1919 to take effect April 1, 1919, fixing the salary of the city marshal at sixty dollars per month was in force on April 1, 1921, when Curry was elected for a term of two years to April 1, 1923, and even if the ordinance passed August 2, 1921, amending section 275 of the Revised Ordinances for 1911 is valid it could not go into force before April 1, 1923, and appellant being elected to fill the unexpired term of Curry stood in his shoes and was entitled to his salary at sixty dollars per month until the end of the term to which Curry was elected. Sec. 8 of Article Fourteen of the Constitution of Missouri; Secs. 8401, 8422, R. S. 1919; State ex rel. v. Farmer, 271 Mo. 306; State ex rel. v. Gordon, 254 Mo. 471; State ex rel. Weathers v. Stone Street, 99 Mo. 361; Jameson v. Hudson, 82 Va. 279; Govatt v. Mason, 101 Ga. 246; State ex rel. Stevenson v. Smith, 87 Mo. 158; Lexington v. Renneck, 49 S. W. 787, 105 Ky. Law Rep. 1609, 1610. (b) The ordinance passed on August 2, 1921, and relied on by respondent which attempts to amend ordinance 275 of chapter 7 of the Revised Ordinances of the city of Campbell is void for the following reasons: 1. Because it is an attempt to amend an ordinance which has been repealed by an or-

dinance passed and approved March 4, 1919, to take effect April 1, 1919, and is in violation of section 8467, Revised Statutes 1919. 2. Because it does not follow the statute which prescribes the method by which an ordinance can be revived or re-enacted. Sec. 8467, R. S. 1919; State ex inf. v. Lincoln Trust Co., 144 Mo. 562; Carroll v. Campbell, 108 Mo. 559; City of Nevada to use v. Eddy, 123 Mo. 546. 3. Said ordinance attempting to amend section 275 of the Revised Ordinances is void because it is an unreasonable exercise of the powers of the board of aldermen and in effect is an attempt to avoid section 8402, Revised Statutes 1919. City of Carterville v. Cardwell, 152 A. L. C. 38; Carrigan v. Gagel, 68 Mo. 544; Railroad v. City of Springfield, 85 Mo. 674; City of St. Louis v. Weber, 44 Mo. 547; Kelly v. Meeks, 87 Mo. 401; Hannibal v. M. & K. Tel. Co., 31 A. L. C. 31.

*Oscar V. Seed,* of Campbell, for respondent.

(1) Appellant cannot attack ordinance because unreasonable. The right to fix the marshal's salary is an express grant of power from the Legislature. R. S. 1919, sec. 8422. An ordinance passed by virtue of express power cannot be set aside by the courts for mere unreasonableness because questions as to the expediency and wisdom of its enactment rest alone with law-making power, but an ordinance passed by implied grant of power can be set aside for unreasonableness. City of St. Louis v. United Railway, 174 S. W. 78. (2) Respondent contends that the ordinance relied on is a valid ordinance and binding on the plaintiff. (a) Appellant contends that this ordinance is void because it attempted to repeal an ordinance which had already been repealed. By a close view of this ordinance, it will show that it is composed of two sections and that appellant's attack is on section one and not on section two of said ordinance. Where the provisions of a municipal ordinance are severable, full effect must be given to the provisions which are valid, though some of the provisions are void. City

of St. Louis v. Ferry Co., 14 Mo. App. 216; City of St.
Louis v. Eagle Packing Co., 214 Mo. 638; City of St.
Louis v. Liessing, 190 Mo. 464; City of Rockville v. Mer-
chant, 60 Mo. App. 365.   (b)   Appellant contends that
the $60 ordinance is in force and effect, not having been
repealed, but respondent takes the position that the $60
ordinance. and all prior ordinances fixing the marshal's
salary are repealed by implication.   Where an ordinance
containing provisions repugnant to former ordinances to
such an extent that there is a conflict with such former
ordinances, the former ordinance is repealed by neces-
sary implications.   McQuire Municipal Ordinances, page
236; Waller v. Everett, 52 Mo. 57; City of St. Louis v.
Kellman, 139 S. W. 443; State v. Waldbridge, 119 Mo.
383.   (3)   Respondent contends that the ordinance of
August 2, 1921, is binding on the plaintiff and the cir-
cuit court properly rules in that respect.   (a)   Salary
of an officer shall not be changed during the time for
which he was elected or appointed.   R. S. 1919, sec. 8422.
(b)   Tenure of office.   1.   In the absence of any con-
trary provision all officers now or hereafter elected or
appointed subject to the right of resignation shall hold
office. during their official terms or until their successors
be duly elected or appointed and qualified.   Constitu·
tion of Mo., art. 14, sec. 5.   2.   Term of office means the
statutory period for which an officer is elected which may
be a short period as the term may be terminated by im-
peachment, resignation or death.   Board of Choose Free-
holders v. Lee, 70 A. 925, 76 N. J. Law 327.

BAILEY, J.—Plaintiff sued to recover salary at the
rate of $60 per month as marshal of the city of Campbell
for a period commencing on the 5th day of April and
ending on the 5th day of December, 1922.   Defendant, in
its answer, tendered $100 as payment in full.   Plaintiff
has appealed from a judgment in his favor for $100, the
amount of the tender.

The petition sets forth that the city of Campbell is
a city of the fourth class, organized and existing under

the laws of the State of Missouri; that plaintiff was duly elected Marshal of said city on April 5, 1922, and was duly qualified and acted as such to the 5th day of December, 1922; that by ordinance duly passed on the 4th day of March, 1919, it was provided that the salary of the city marshal should be $60 per month and fees. Judgment is prayed for $480, being for a period of eight months.

Defendant, by its answer, sets up that the ordinance of March 4, 1919, was expressly repealed and superseded by another ordinance passed and approved August 23, 1921, which fixed the salary of city marshal at $10 per month, which ordinance was in force many months prior to election of plaintiff; that the ordinance of March 4, 1919, is null and void.

There is no controversy as to the facts in this case. Plaintiff was elected and qualified as Marshal on April 4, 1922, to fill an unexpired term of one Homer Curry. The latter's term of office commenced in April, 1921, and ended in April, 1923; Curry resigned some time prior to plaintiff's election. Plaintiff served as marshal during the eight months alleged and demanded his salary at the rate of $60 per month, which was the rate paid Curry during his period of service or until he resigned. Curry drew his salary under the provisions of the ordinance approved March 4, 1919, fixing the salary at $60 per month; this ordinance was attempted to be repealed, at least by implication, by an ordinance passed and approved August 2, 1921, changing the salary of marshal to $10 per month; that ordinance was passed, therefore, some eight months prior to plaintiff's election to fill the unexpired term of Curry, but after the commencement of Curry's term.

The principal and decisive question involved in this case relates to the power of the board of aldermen of a city of the fourth class to change the compensation of the marshal of the city so as to affect the salary of one elected to fill an unexpired term, the ordinance being passed prior to such election, but after the commence-

ment of the term fixed by law. It is conceded by respondent that the ordinance of August 2, 1922, changing the salary from $60 to $10 per month, would have been inoperative as to Homer Curry the marshal elected in April, 1921; that results for the reason that section 8422, Revised Statutes 1919, provides that: "an officer's salary shall not be changed during the time for which he is elected or appointed." Respondent contends, however, that the ordinance is binding on appellant since it was passed before his term commenced; that the term of office of plaintiff's predecessor, Curry, ended upon his resignation and plaintiff thereafter commenced a new term (although a short term), to which the statutory inhibition would not apply. Respondent cites no authorities in support of this proposition.

The term of office of the marshal of a city of the fourth class is definitely fixed at a term of two years by the provisions of section 8402, Revised Statutes 1919. General elections for such cities are required to be held on the first Tuesday in April next after the organization of the city, and every two years thereafter. It may be taken for granted, therefore, that the election of the marshal in April 1921, was for a term ending in April, 1923. As heretofore noted, section 8422 provides that "the salary of an officer shall not be changed during the time for which he was elected or appointed." These different statutes, relating to cities of the fourth class, are *in pari materia* and should be construed together. [State v. Hostetter, 137 Mo. 636, 39 S. W. 270.]

The words "time for which he was elected or appointed" as used in section 8422 must refer to the term of office, for there could be no other time. The term of office, is defined in section 8402, to which section 8422 necessarily alludes. But counsel contends the terms of office is divisible and that section 8422 is personal only to the occupant of the office who was elected prior to the passage of the ordinance reducing the marshal's salary; that upon the resignation of the officer, the new ordinance would become effective as to any subsequent officer elected

to fill the unexpired term. In other words, the ordinance, held in abeyance while the original officer continues in office, immediately becomes operative upon his resignation. We fail to see the logic of this argument. Such interpretation of section 8422, would destroy its object. Under that theory the city might pass an ordinance increasing the salary of an officer, who could then resign, be re-elected or appointed and thus receive the increased salary during his new or unexpired term. Likewise, under the provisions of section 8424, if the resignation occurs within six months of a general election, the mayor may appoint a successor to fill the unexpired term without calling an election; if such appointment creates a new term the appointive officer would then be entitled to an increased salary in the event an ordinance had previously been passed so authorizing. While we have considered the proposition from the standpoint of a possible increase in salary, under the Statute the same reasoning would apply to a decrease. But the term is fixed and the statute preventing a change in compensation is not, in our opinion, personal to the then occupant of the office, but applies to any subsequent holder of the office during the same term. "Each official term stands by itself. The constitutional provision forbidding an increase or decrease of compensation during a term of office has reference to the period fixed as a term by statute only, and in no wise refers to the individual who may incidentally happen to be the incumbent for more than one term." [State ex rel. v. Farmer, 271 Mo. 306, l. c. 314, 196 S. W. 1106; State ex inf. v. Williams, 222 Mo. 268, 121 S. W. 64.]

In 22 R. C. L. at page 552, we find this language: "It has been ruled that the resignation or the removal of an officer during his term and the election or appointment of a successor does not divide the term nor create a new and distinct one; and that in such a case the successor is filling out his predecessor's term." It is also held that a provision that salaries may not be changed during the term cannot be avoided by the resignation of an incum-

bent and his re-appointment at an increased salary. [Green v. Hudson Co., 44 N. J. L. 388.]

In Storke v. Goux, 62 Pac. 68, the Supreme Court of California decided that limitations which by their terms prevent a change of compensation during the terms of office of an incumbent, are effective as to one appointed to fill a vacancy. In the Storke case the party elected to the office died and between that time and the date of the appointment of plaintiff in that suit, a law was passed increasing the salary accruing to the office. In holding the new officer was not entitled to the increase, the court had for consideration a constitutional provision similar to our statute here invoked.

We are of the opinion that under the provisions of section 8422, Revised Statutes 1919, no increase or decrease of salary can become operative until the term of office fixed by statute has expired, whether the person occupying the office at the beginning of the fixed term continues in office or not. It thus becomes unnecessary to consider the validity of the various ordinances. The cause should, therefore, be reversed and remanded with directions to enter judgment in favor of plaintiff for the sum of four hundred eighty dollars as prayed. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.