[L. A. No. 13722. In Bank.—February 24, 1933.]

LEO AGGELER et al., Appellants, v. ROBERT DOMIN-
GUEZ, City Clerk, etc., Respondent.

Overton, Lyman & Plumb for Appellants.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Respondent.

CURTIS, J.—Plaintiffs are municipal judges of the city of Los Angeles, having been appointed to such offices by the Governor of this state pursuant to the authority vested in him by an act of the legislature creating four additional municipal judges in the Municipal Court of the City of Los Angeles. (Stats. 1931, p. 1537.) Said act became effective on August 14, 1931, and thereafter plaintiffs' appointment followed and commissions of appointment were issued to them providing that they should hold office as municipal judges of the city of Los Angeles for the term prescribed by law. The defendant is the city clerk of said city of Los Angeles, and this action is brought by the plaintiffs to have it adjudged and decreed that the plaintiffs' terms of office are for the period of six years after and from the date of the creation of said offices, and that the defendant be restrained and enjoined from preparing or issuing nomination petitions for plaintiffs' said offices, or from receiving or filing nomination petitions affecting said offices, or from expending any funds of the city of Los Angeles in any of said matters, or in connection with any other matter affecting plaintiffs and their said offices prior to the fourteenth day of August, 1937. The action was tried in the superior court, and judgment was therein rendered against the plaintiffs, from which they have appealed.

Municipal courts are established under the authority of section 11, article VI, of the Constitution of this state, adopted November 4, 1924. In this section it is provided that the manner in which, the time at which, and the term for which the judges of municipal courts shall be elected or appointed shall be prescribed by the legislature.

The adoption of this constitutional amendment was followed by the enactment in 1925 of an act of the legislature

authorizing the establishment of municipal courts in the city of Los Angeles and in other cities of the state. (Stats. 1925, p. 648.) By this act it was provided that cities of the class to which the city of Los Angeles belonged should have twenty-four judges of this municipal court. This was in 1927 increased to twenty-six. (Stats. 1927, p. 129.) In 1931 it was increased to thirty. (Stats. 1931, p. 1537.) By section 15 of said act the term of office of each judge of a municipal court was fixed at six years, or until his successor is elected and qualifies. Section 17 of said act provides that ''any vacancy in the office of a judge of a municipal court shall be filled by appointment by the governor, and any person so appointed shall hold office until the expiration of the term of the office to which he was appointed, and until his successor is elected and qualified''. ▓ There is no express provision in the Constitution, nor in said act of 1925, authorizing the Governor, or any other officer or official body, to appoint the judges of the municipal courts, after the establishment of said court, under said constitutional amendment and said act of the legislature of 1925. It was, however, provided by section 4 of said Act of 1925 that in each city or city and county in which a municipal court was established there should not be any other inferior court (except a court of small claims) and that all such inferior courts would be superseded by said municipal courts and that the judges, justices and other officers of said inferior courts should become the judges, justices and officers of said municipal courts. At the time of the amendment of section 11, article VI, of the Constitution, section 23 of said article was also amended, which provided that no person should be eligible to the office of judge of a municipal court unless he should have been admitted to practice law before the Supreme Court of this state for a period of five years immediately preceding his election or appointment. Under this provision of the Constitution in at least one instance, one of the judges of an inferior court of the city where municipal courts were established was ineligible to the office of judge of the municipal court, by reason of the fact that he had not been admitted to practice law for the required time. In such case it was held that a vacancy existed in that particular municipal court, and that such vacancy could, under the authority of

section 17 of the act, which we have quoted above, be filled by appointment by the Governor of the state. (*Wallace* v. *Payne*, 197 Cal. 539 [241 Pac. 879].) Acting under the authority of said section 17, as construed by this court in the case just mentioned, the Governor of the state appointed plaintiffs judges of the Municipal Court of the City of Los Angeles to fill the four positions in said court created by the statute of 1931. It is plaintiffs' contention that they are each appointed to a full six-year term as judges of said court and that their terms of office will not expire until August 14, 1937. Accordingly, by this proceeding they seek to have the law so declared as holding that they are each appointed for a full term of six years and seek to have the defendant, as the clerk of said city, restrained from taking any steps towards preparing for an election prior to the year 1937 for the four offices of which they are now the occupants.

Plaintiffs ground their argument upon section 15 of the act, which fixes the term of office of a judge of the municipal court at six years, and on section 17, which provides that any person appointed to fill a vacancy in such office shall hold the same "until the expiration of the term of the office to which he was appointed". In other words, plaintiffs contend that whenever a person is appointed to fill a vacancy in the office of judge of the municipal court he is appointed for a full term of six years. If plaintiffs' interpretation of the law is correct, then no matter when the vacancy occurs, or for what cause it happens, the appointee to fill the same holds office under the appointment for six years. The precise words relied upon in support of plaintiffs' contention are those found in section 17, which reads as follows: "Any person so appointed shall hold office until the expiration of the term of the office to which he was appointed." In analyzing these words, it will be noted in the first place that they do not purport to expresssly fix the term for which the appointee shall hold the office. On the other hand, the term is vaguely stated to be for "the term of the office to which he was appointed". Had the legislature intended to fix the appointees' terms at six years, the length of the regular term of said office, surely it could have employed much simpler and more direct language in which to express such intent. It would have been an easy matter for the legislature to have said that any person so appointed should hold

office for the full regular term of six years, had it intended to so fix the term of appointment. The fact that it did not express its intent in some such clear and simple language casts a grave doubt as to just what the legislature did intend by the use of these words. "Where a constitutional provision prescribing the term of a public office is uncertain or doubtful in its construction, that interpretation will be followed which limits the term to the shortest time." (Mechem on Public Officers, sec. 390.) The same doctrine is approved by Throop on Public Officers, section 308, where it is stated: "But, other considerations being equal, that construction of a doubtful provision of a statute or the constitution will be followed which limits the term of office to the shortest time." In *People* v. *Brenham*, 3 Cal. 477, 487, we find the following statement of the law: "We should not extend official terms beyond the time clearly defined, but rather by implication, if necessary, shorten the duration of a term, than prolong it."

 We hardly think it is necessary to resort to implication in the present action to determine that the legislature never intended that an appointee of the Governor to the office of municipal judge should hold for the full term of six years. We think that a reasonable construction of section 17 is that the appointee should hold the office to the expiration of the term for which he was appointed. The section does not purport to fix the length of the term for which he was appointed, and we must, therefore, look elsewhere for the law upon this subject. This is found in section 8 of article V of the Constitution, which provides that where a vacancy exists and no mode is provided for filling it, "the governor shall have power to fill such vacancy by granting a commission, which shall expire at the end of the next session of the legislature, or the next election by the people". While in the case before us there is provided a mode of filling the vacancy, that is, by appointment by the Governor, there is no provision of the act fixing the term. Under these conditions we may resort to section 8 of article V of the Constitution for the mode of fixing the term of the office, which section, as we have already seen, provides for the expiration of said term at the next election of the people in the city where said municipal court is held.

█ It is well established that, ''Where the language of a statute is reasonably susceptible of two constructions, one which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which will be productive of absurd consequences, the former construction will be adopted. In other. words, where the meaning is doubtful, any construction which would lead to absurd results should be rejected . . . since absurd results are not supposed to have been contemplated by the legislature.'' (23 Cal. Jur., pp. 766, 767.)

Let us apply this rule of construction to the sections of the act under discussion. As we have already stated, a reasonable construction of section 17 of said act is that the appointee to the office of municipal judge shall hold the office to the expiration of the term for which he was appointed without fixing the length of this term. Then under the constitutional provision last referred to, the term is fixed so that it ends at the next general election by the people. Under this interpretation of the act in case there are two or more appointees during the biennial intervening between two city elections, each holding a vacancy appointment occurring on different dates, the term of office of said appointees would each expire on the same date. The date of the election to fill such vacancies would be the city election next following said appointments. Under the construction contended for by plaintiffs, the appointees of the Governor would each be entitled to a full term, and their offices would expire six years after the respective dates of their appointment. The four plaintiffs under this plan would hold office until August 14, 1937. Perhaps a vacancy may have occurred in another one of said thirty offices in the following month of September, still another in the month of October, and so on during the whole two-year period, one each month. In the election to be held in June, 1937, these vacancies would all be filled, but some of those elected to such office would assume their duties in the month of August, others in the month of September, and down through the months of the entire two-year period until the last one would take office. To hold the legislature responsible for legislation producing such unsatisfactory results would be a reflection upon its members to which, we think, they are not entitled. We much prefer to believe that they intended the orderly and harmonious

procedure first above outlined rather than the absurd method which we have just described. We think this reason alone amply justifies the construction which we have placed upon the sections of the act in question.

Plaintiffs, and defendant also, call to our attention the provisions of the Constitution governing the filling of vacancies in the Supreme Court, the District Court of Appeal, and the superior court, but for entirely different purposes. In none of these provisions of the Constitution is an appointee to a vacancy in either of these courts entitled to hold office for a full term, but with slight exception, only until the next election. Plaintiffs draw the conclusion that the legislature had these provisions of the Constitution before it when it enacted the Municipal Court Act and designedly framed said act as to make the rule governing municipal courts different from those fixed by the Constitution regarding the higher courts in respect to the term of office of an appointee to a vacancy. On the other hand, defendant asks, if the policy of the state is to provide for short terms for appointees to the three higher courts, why should the legislature when it came to municipal courts provide that appointees to vacancies therein be given the longest term provided by law? We think we have already answered plaintiffs' argument advanced in this debate. If the legislature had before it the provisions of the Constitution providing for the filling of vacancies in the three courts with which it deals when the Municipal Court Act was drawn, and it was the deliberate intention to frame the act fixing the tenure of vacancy appointees in municipal courts diametrically different from that of appointees of the other courts as fixed by the Constitution, we think that the framers of said act would have used much more direct and explicit language evidencing their deliberate intention than that found in the sections of said act. On the other hand, if the legislature deliberately intended to depart from the policy of the state as expressed in the Constitution fixing the term of appointees at practically the shortest possible tenure, we are at a loss to understand the reason for this change of front of the legislative branch of our government. In our form of government, particularly in local matters, we have from time immemorial left to the people of any particular locality, the right to choose their officers and in many in-

stances, and especially in more recent years, to enact laws governing their affairs. Why should the people of our cities be deprived of the right to elect the members of their municipal courts, when they enjoy the privilege of selecting those who shall preside in the other courts of the state. We know of no answer to this question. It has been asked, and plaintiffs have failed to make a satisfactory answer to it. As we have said before, we do not believe that it was ever the intention of the legislature by the enactment of the Municipal Court Act to so provide. In our opinion, plaintiffs' appointment to their present positions will expire in the current year and their successors will, according to section 16 of said act, take office at the same time as the municipal officers take office who are elected at the municipal election of this year. Provision should, therefore, be made by the proper officer for an election to these four offices at the municipal election of the present year.

The judgment is affirmed.

Preston, J., Langdon, J., Seawell, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.