**Stanton SELWAY and Carol J. Henry, Plaintiffs and Appellants.**

v.

**R. Earl SCHULTZ, Boyd E. Larson, Henry Lasher, John Cox and Wallace Furze, as Members of the Board of County Commissioners for Lawrence County, South Dakota, and James Voorhees, Jr. and John Fuller, Defendants and Respondents.**

**No. 12492.**

Supreme Court of South Dakota.

Submitted on Briefs July 6, 1978.

Decided July 20, 1978.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiffs and appellants.

Craig D. Grotenhouse, Lawrence County State's Atty., and Stephen Clare Hoffman, Legal Intern, Deadwood, for defendants and respondents.

DUNN, Chief Justice.

This case involves a dispute over appointments made to the Lawrence County Planning and Zoning Board by the Lawrence County Commissioners. The commissioners appointed defendants Voorhees and Fuller to replace plaintiffs Selway and Henry on the board. The lower court found that the appointments were within the authority and jurisdiction of the county commissioners and that the appointees were duly qualified, acting members of the board. We affirm.

The controlling statute, SDCL 11–2–3, reads in part as follows:

"The term of each of the appointed members of the county planning commission shall be for five years; provided, that when the planning commission is first appointed, the lengths of the terms shall be varied so that no more than one-third of the terms shall expire in the same year."

The dispute in question centers upon the applicability of the term "five years."

On February 4, 1969, the Lawrence County Commissioners appointed seven citizens as members of the Lawrence County Planning and Zoning Board. Pursuant to SDCL 11–2–3, the terms of the board members were staggered so that no more than one-third of the positions would expire in any one year. As part of this statutory staggering scheme, plaintiff Selway and James Matson were each appointed to a four-year term commencing on January 1, 1969, and terminating on December 31, 1972. On July 6, 1971, defendant Voorhees was appointed to replace James Matson who had resigned. Plaintiff Selway and defendant Voorhees served through the December 31,

1972 term expiration date and continued to serve on the board due to the failure of the county commissioners to make reappointments or new appointments.[1] Plaintiff Henry was appointed on September 11, 1973, to replace defendant Voorhees. On January 8, 1974, the county commissioners appointed each plaintiff to a five-year term commencing January 1, 1973, and expiring December 31, 1977. On February 7, 1978, the county commissioners appointed defendants Voorhees and Fuller each to a five-year term to succeed plaintiffs Selway and Henry whose terms expired December 31, 1977.

■ Plaintiffs contend that SDCL 11-2-3 allows for a term of five years to each appointee from the date of the appointment; that is, the holdover period from December 31, 1972 to January 8, 1974, is not to be included within the prospective five-year term. This interpretation would require that the plaintiffs' terms of office will expire January 1, 1979, rather than January 1, 1978. The defendants contend that the holdover period after the expiration of the term on December 31, 1972, must be included in the appointments of the plaintiffs to succeeding terms. This latter interpretation was correctly adopted by the lower court.

■ The plaintiffs would have the court construe the first part of the first sentence of SDCL 11-2-3 to require that each appointee has a right to a five-year term from the date of the appointment. Our construction, however, must be according to the manifest intent which is derived from the statute as a whole. *Matter of Heuermann,* 1976, S.D., 240 N.W.2d 603; *Western Surety Co. v. Mydland,* 1970, 85 S.D. 172, 179 N.W.2d 3; *Concrete Materials Co. v. Employers Mut. Liability Ins. Co. of Wisconsin,* 1945, 70 S.D. 535, 19 N.W.2d 523. It is clear that the statute fixes the term of the office

and *not* that of the officer. The statute conclusively establishes that the office has a fixed and definite term of five years after the initial staggering process is completed. The term of office of each successive appointee, whether for an entire term or for part of an unexpired term, is controlled by the date fixed by the first appointment. Although there may be holdovers into portions of succeeding terms and appointments are made to replace these holdovers, the term of the replacement can only run from the expiration of the last legal term. A statutory term stands apart from the person who holds the office, and an appointee cannot be validly given a term which runs longer than the statute permits by ignoring holdover periods in the determination of succeeding terms. See *State v. Smiley,* 1924, 304 Mo. 549, 263 S.W. 825.

■ "Term of office" is distinct from and not to be confused with "tenure of an officer;" therefore, we must adhere to the principle that the term of office is not affected by the holding over of an incumbent beyond the expiration of the term for which the incumbent was appointed, and such holding over does not change the length of the term but merely shortens the tenure of the succeeding officer. *Opinion of Justices,* 1972, 112 N.H. 433, 298 A.2d 118; *Garrotto v. McManus,* 1970, 185 Neb. 644, 177 N.W.2d 570; *Barber v. Blue,* 1966, 65 Cal.2d 185, 52 Cal.Rptr. 865, 417 P.2d 401; *People v. Powell,* 1966, 35 Ill.2d 19, 217 N.E.2d 806; *Gillson v. Heffernan,* 1963, 40 N.J. 367, 192 A.2d 577; *State v. Johnson,* 1953, 156 Neb. 671, 57 N.W.2d 531; *Monte v. Milat,* 1952, 17 N.J.Super. 260, 85 A.2d 822; *Graham v. Lockhart,* 1939, 53 Ariz. 531, 91 P.2d 265; *Wilson v. Shaw,* 1922, 194 Iowa 28, 188 N.W. 940; *State ex rel. Wilkinson v. Hingle,* 1909, 124 La. 655, 50 So. 616; 63 Am. Jur.2d, Public Officers and Employees, § 160, p. 727; 67 C.J.S. Officers §§ 42 and 48 c, pp. 195–96, 206. This principle is

---

1. Such holding over in public office is prescribed in SDCL 3–14–1 which reads as follows:

 "Except when otherwise expressly provided, lawful incumbent of any public office, with a definite term, upon the expiration of such term shall continue to discharge its duties until his successor shall have been elected or appointed and has qualified, and shall be entitled to receive the prescribed compensation of such office during the time he shall so discharge its duties."

consistent with the explicit intent of the legislature that the board be a continuing body with various members retiring at regularly recurring intervals. The desired continuity could not be achieved if the board members appointed to fill vacancies were to hold a full term of five years from the time of the appointment regardless of the date of such appointment and length of unexpired term. It is clear that the law does not contemplate that there is an ending and a new beginning of the term at the time of each appointment. In fact, if the entire five-year term were given to the plaintiffs from the time of their appointments, the inevitable result would be that over one-half of the board positions would expire on December 31, 1978, in direct contravention of the expressed purpose and intent of the statute.

The county commissioners made initial appointments in 1969 for various lengths of time pursuant to SDCL 11–2–3, and the terms became fixed thereafter. As each term expires, each succeeding term automatically begins to run for five years. The timing of a particular appointment is of no consequence because the terms are fixed and continual in nature.

The judgment of the lower court is affirmed.

All the Justices concur.