STATE *ex rel.* R. J. "JOE" RUSHFORD

*v.*

EDITH M. MEADOR, *et al.*

(No. 14855)

Decided May 23, 1980.

*Charles W. Yeager, Daniel R. Schuda, Steptoe & Johnson,* for relator.

*Harold B. Eagle* for Ballot Com'rs of Summers Co.

*David W. Knight, David Burton, T. Cunningham,* for Bobby Joe Maddy.

McGRAW, JUSTICE:

This original proceeding in mandamus was instituted by the relator, R. J. "Joe" Rushford, to compel the respondents, the Ballot Commissioners of Summers County, to strike from the official primary election ballot the name of respondent Bobby Joe Maddy.[1] Mr. Maddy seeks, by way of the primary and general election process, to continue through the next term, as Sheriff of Summers County. We are asked to decide if a person who serves as sheriff by appointment during part of one term of office, and who is subsequently elected to a full term at the next general election, is eligible to be elected to the office of Sheriff during the term immediately following the second of the two terms. We conclude that he is not eligible for the office and award the writ.

At the general election held on November 7, 1972, Odie Meador was elected Sheriff of Summers County. He assumed office on January 2, 1973, and served as sheriff until his death on June 2, 1975. On June 5, 1975, respondent Bobby Joe Maddy, was appointed to fill the vacancy in the office, pursuant to W.Va *Code* § 3-10-8, and he served as sheriff until the next general election, at which time, relator was elected to fill the remaining portion of the term to which Odie Meador had been elected, and respondent Maddy was elected to the office of Sheriff for the next term of four years. Relator served approximately 49 days before respondent Maddy began his new term on January 3, 1977. Respondent Maddy

---

[1] "The eligibility of a candidate for an elective office may be determined in a proceeding in mandamus and upon a determination therein that a candidate is ineligible to be elected to or to hold the office for which he seeks nomination or election, a writ of mandamus will issue directing the board of ballot commissioners to strike or omit such candidate's name from the primary or general election ballot." Syl. pt. 1, *State v. Maxwell,* 148 W.Va. 535, 135 S.E.2d 741 (1964).

therefore held the office of Sheriff of Summers County from June 5, 1975, to November 2, 1976, as an appointee, and from January 3, 1977, until the present, as an elected officer.

On November 6, 1973, a special election was held at which the voters of the State ratified an amendment to the Constitution of West Virginia. The amendment, designated the "Sheriff's Succession Amendment," rewrote article 9, § 3 of the constitution, which prohibited any person from being elected sheriff for two consecutive full terms. That section now provides, in pertinent part:

> A person who has been elected or who has served as sheriff during all or any part of two consecutive terms shall be ineligible for the office of sheriff during any part of the term immediately following the second of the two consecutive terms. . . .

Relator contends that by virtue of this constitutional provision, the respondent, Bobby Joe Maddy, is inelgible to be a candidate for Sheriff of Summers County in the upcoming primary election.

Respondents first contend that respondent Maddy has not served two consecutive terms. They maintain that when relator assumed office on November 2, 1976, to serve out the remainder of Odie Meador's term, a new and intervening term was created, separating respondent Maddy's appointed term from his elected term. For this reason, respondents conclude, the constitutional prohibition does not apply to respondent Maddy and he is eligible to be elected sheriff again. We cannot agree with this contention.

Respondents confuse the sheriff's term of office with the tenure of the occupant of the office. The word "term," when used in reference to an office, ordinarily means a fixed and definite period of time and is distinct from the tenure of the officer. [2] The term of office for

---

[2] *Barber v. Blue,* 65 Cal.2d 185, 417 P.2d 401, 52 Cal.Rptr. 865 (1966); *Collison v. State,* 39 Del. 460, 2 A.2d 97, 119 A.L.R. 1422 (1938); *Crovatt v. Mason,* 101 Ga. 246, 28 S.E. 891 (1897); *State ex rel.*

sheriff is fixed by article 9, § 1 of the West Virginia Constitution, which provides that the voters of the county shall elect a sheriff "who shall hold. . . [office] for the *term of four years*" (emphasis added). Article 4, § 7, which provides the manner in which persons are selected to fill vacancies in office, refers to the tenure of office of such persons as the "*unexpired* term" (emphasis added). Finally, the language of article 9, § 3, refers to persons served "all or *any part*" (emphasis added) of two consecutive terms and prohibits them from holding office "during *any part* of the term" (emphasis added) following the second of two successive terms.

As we contemplate these constitutional provisions, we conclude that the appointment or election of an individual to fill a vacancy in the office of Sheriff does not create a new and intervening term of office. To decide otherwise would make it impossible for a person to serve a part of a term or an unexpired term, and would render vain constitutional and statutory language to that effect. Our conclusion is consistent with the rule in other jurisdictions that the resignation or removal of an officer during his term of office and the election or appointment of a successor does not divide the term or create a new and distinct term, and in such a case the successor is filling out his predecessor's term.*Wilson v. Shaw*, 194 Iowa 28, 188 N.W. 940 (1922); *State ex rel. Coleman v. Rose*, 74 Kan. 262, 86 P. 296, *error dism'd*, 203 U.S. 580, 27 S.Ct. 779, 57 L.E. 326 (1906); *Thornsberry v Campbell*,

*Denton v. Kinkle*, 277 Ind. 564, 86 N.E.2d 677 (1949); *Sueppel v. City Council of Iowa City*, 257 Iowa 1350, 136 N.W.2d 523 (1965); *Wilson v. Shaw*, 194 Iowa 28, 188 N.W. 940 (1922); *State v. Breidenthal*, 55 Kan. 308, 40 P. 657 (1895); *Kratzer v. Commonwealth*, 228 Ky. 685, 15 S.W.2d 473 (1929); *Speed v. Crawford*, 60 Ky. (3 Metc.) 207 (1860); *State ex rel. Withers v. Stonestreet*, 99 Mo. 361, 12 S.W. 895 (1889); *State ex rel. Rusch v. Board of Com'rs*, 121 Mont. 162, 191 P.2d 670 (1948); *Garotto v. McManus*, 185 Neb. 644, 177 N.W.2d 570 (1970); *People v. Brundage*, 78 N.Y. 403 (1879); *State ex rel. Daly v. City of Toledo*, 142 Ohio St. 123, 50 N.E.2d 338 (1943); *Selway v. Schultz*, 268 N.W.2d 149 (S.D. 1978); *State v. Carroll*, 133 Wash. 549, 234 P.2d 22 (1925); *State ex rel. Meredith v. Tallman, 24 Wash. 426, 64 P.2d 579 (1901)*. Generally, 63 Am. Jur. 2d *Public Officers and Employees*, § 145 (1972); 41 Words and Phrases, "Term" (1965).

218 Mo. App. 357, 274 S.W. 847 (1925); *Garotto v. McManus*, 185 Neb. 644, 177 N.W.2d 570 (1970). The plain meaning of the constitution leads us to conclude that respondent Maddy by serving as sheriff during part of Odie Meador's term of office and by holding office during the majority of the next succeeding term, has served some part of two consecutive terms of office for the purposes of article 9, § 3.

Respondents also contend that article 9, § 3 does not prohibit respondent Maddy from seeking re-election in the June 3 primary election because the clear intention of the legislature was to limit the applicability of that provision to persons *elected* to serve two consecutive full terms of office. They rely on the wording of the summary of purpose of article 9, § 3 as it appeared in both the legal advertisement and on the official ballot presenting the proposed amendment to the voters of Summers County:

> "The purpose of this proposed amendment is "To amend the State Constitution to permit persons elected sheriff to serve two consecutive terms.' "

Respondents apparently argue that the summary of purpose is controlling and leads to the conclusion that the legislature meant for the Sheriff's Succession Amendment to read as follows:

> A person who has been elected *and* who has served as sheriff during all or any part of two consecutive terms shall be ineligible for the office of sheriff during any part of the term immediately following the second of the two consecutive terms.

Respondents maintain that since respondent Maddy has been *elected* to the office of Sheriff only once, he is eligible to be elected again, irrespective of his prior service as sheriff by appointment. We disagree.

First of all, we do not believe that the summary of purpose is a controlling statement of legislative intent. W. Va. *Code* § 3-11-2 makes it clear that the summary of

purpose of a proposed constitutional amendment is set forth by the legislature "for convenience of reference" to the actual provisions of the amendment. The limited purpose of the summary is demonstrated by the fact that if the legislature omits the summary of purpose from a joint resolution proposing a constitutional amendment, the Secretary of State is required to supply the summary and certify it to the ballot commissioners of the counties. W.Va. *Code* § 3-11-2. The summary of purpose is not meant to be a controlling statement of legislative intent, but merely a representation of the main features of the proposed amendment in plain language for the benefit of the voters.

As to respondents' contention that the summary of purpose indicated the legislature's intent to substitute the word "and" for the word "or" in the first sentence of article 9, § 3, so as to limit its application only to persons elected to serve for consecutive full terms as sheriff, we note that the language of the provision as it now appears has not been changed since the time the proposed amendment was introduced on the floor of the House of Delegates. [3] The plain and unambiguous language of article 9, § 3, as reflected in the House Joint Resolution and the Acts of the Legislature, and as evidenced by the current provision in the Code, is that no person who serves any part of two consecutive terms of office as Sheriff, whether it be by appointment or by election, is eligible to be a candidate for that office during the term following the second of the two consecutive terms. Certainly, if the legislature had intended that the amendment apply only to persons elected sheriff for two consecutive full terms, it could have changed the wording of the amendment at any stage of the legislative process. The fact that the summary of purpose referred only to that aspect of the amendment which lifted the prior constitutional prohibition against a sheriff serving two consecutive full terms does not serve as an indication

---

[3] H. J. Res. No. 13, First Extraordinary Session, 1973, Official Journal of the House of Delegates, p. 235; 1973 W.Va. Acts, p. 700; W.Va. Const., article 9, § 3.

that the legislature intended anything other than the plain meaning of the language of the current provision. [5]

> Where the Constitution is clear in its terms and of plain interpretation to any ordinary and reasonable mind, there is no room for construction, and it would be mischievous and unlawful to assume it. If the intention is manifest from the language used and leads to no absurd conclusion, courts must give such provisions the effect clearly intended. *State ex rel. Zickefoose v. West*, 145 W.Va. 498, 116 S.E.2d 398, overruled on other grounds, *State v. Hatfield*, 145 W.Va. 613, 116 S.E.2d 703 (1960).

Respondent's argument that the legislature did not intend the plain meaning of the amendment and its request that we adopt a contrary interpretation are without merit.

For the reasons stated above, we conclude that a person who is appointed to fill a vacancy in the office of Sheriff, and who is subsequently elected to that office and serves as sheriff during the next succeeding term of office, has served all or part of two consecutive terms and is ineligible to be elected sheriff for the term immediately following the second of the two consecutive terms. The writ of mandamus prayed for is granted and the respondent Ballot Commissioners of Summers County are ordered to remove the name of respondent Bobby Joe Maddy (also known as Bob J. Maddy) from the official ballot as a candidate for the Democratic nomination for Sheriff of Summers County in the primary election to be held on June 3, 1980, all in accordance with this opinion.

*Writ awarded.*

---

[5] There is no indication that the amendment was not ratified in accordance with the provisions of article 14, section 2 of the state constitution.