The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
You have requested an Attorney General opinion concerning A.C.A. §14-14-705 (3)(A) (Repl 1998), which states as follows with regard to members of county advisory and administrative boards:
 No board member, either advisory or administrative, shall be appointed for more than two (2) consecutive terms.
Your specific question is as follows:
 Could an individual, after serving 2 terms on a particular board several years earlier, be appointed back to that same board?
RESPONSE
Although it is not stated in your question, I assume that the two terms served were consecutive, thus giving rise to the question whether A.C.A. § 14-14-705(3)(A) imposes an absolute limit of two consecutive terms or instead permits a subsequent appointment as long as the number of terms served consecutively does not exceed two.
It is my opinion that the latter interpretation is correct; that is, a subsequent appointment to a non-consecutive term is permissible. This assumes, with regard to the subsequent appointment, that another member's term has intervened. The answer to your question is therefore "yes," in my opinion, as long as there has been an intervening term separating the new term from the previous two that were served consecutively.
In construing this statute, I am guided by the general rule that restrictions on the right to hold office should receive a liberal interpretation in favor of the right of the people, or the appointing authority, to exercise freedom of choice in the selection of officers.See generally 67 C.J.S. Officers § 17 and Ervin v. Collins, 85 So.2d 852
(Fla. 1956). Following this general precept, I believe § 14-14-705(3)(A) may reasonably be construed as imposing a limitation only on the number of consecutive terms, as opposed to the total number of terms, that a member may serve. This arguably follows from the plain language of the statute (see generally Wilcox v. Safley, 298 Ark. 159, 766 S.W.2d 12
(1989), stating the well-established rule that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face), particularly when read in light of the aforementioned liberal construction rule. A review of other statutes also persuades me that this is the proper interpretation, given the fact that the legislature has employed clear language when the intent is to establish a maximum or absolute term limitation. See, e.g., A.C.A. §20-14-202(b)(2) (Repl. 2000) (stating, with regard to reappointment to the Governor's Commission on People With Disabilities, that "[e]ach commission member shall he eligible for reappointment by the Governor for one (1) three-year term.")
Additionally, this interpretation appears to be in accord with the general approach to similar statutes that limit incumbency for more than a stated number of consecutive terms. As stated in an annotation inAmerican Law Report:
 [I]t appears that a prohibition against holding office for more than a specified number of consecutive terms does not result in permanent disability to hold such office when the permissible number of consecutive terms have been served, but only in a disability to be elected for the next successive term, which will disappear as soon as an intervening term has been served by another.
59 A.L.R.2d 716 (1958).
I thus conclude that if two consecutive appointments are made, A.C.A. §14-14-705(3)(A) will prevent another consecutive appointment.[1] It will not prevent an individual from serving more than two terms, however, as long as the number of terms served consecutively does not exceed two.
With regard to your particular question, therefore, it is my opinion that this individual may be appointed to another term at a later date, as long as another member has served a new and intervening term. See n. 1,supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This includes partial terms, in my opinion. That is, I believe the prohibition against a third consecutive appointment will apply regardless of whether the appointment is to fill a vacancy, and regardless of whether the previous consecutive terms were complete terms. See Op. Att'y Gen. 95-163 (concluding that partial terms must be included because otherwise the prohibition in § 14-14-705(3)(A) might be nullified if an appointee could simply resign before completing his or her term and thereby seek another appointment). See also generally State v. Rushford,267 S.E.2d 169 (W.Va. 1980) (stating the general rule that the resignation or removal of an officer during his or her term does not divide the term or create a new and distinct term, and that in such a case the successor is filling out his predecessor's term).