Swango, &c. v. Rose, &c.

CASE 34—INJUNCTION—JANUARY 13.

# Swango, Etc. v. Rose, Etc.

APPEAL FROM WOLFE CIRCUIT COURT.

SCHOOL TRUSTEES—TERM OF—EFFECT OF ACT OF 1898. A school trustee duly appointed and qualified on June 14, 1897, was continued in office until July 1, 1899, by virtue of the act of 1898 which changed the time of electing trustees from June to October in each year, and provided that the trustees thus elected should go into office the following July.

W. S. PRYOR AND Z. T. HURST, FOR APPELLANTS.

The act of March 17, 1898, extended the term of the trustees then in office and there was no vacancy from July to October in that year. Bowling v. Com., 7 Ky. Law Rep., 821.

Z. T. HURST and T. C. JOHNSON, in an additional brief for appellants, cited further, Kentucky Statutes, Sec. 1521; Constitution, Sec. 167; Hopkins, &c. v. Swift, 18 Ky. Law Rep., 526.

Swango, &c. v. Rose, &c.

A. F. BYRD, FOR APPELLEES.

> The act of March 17, 1898, did not operate to extend the term
> of the trustees whose term expired· in June, 1898. As to such
> trustees there was a "vacancy" which the county superintendent
> had power to fill. The case of Hopkins v. Swift, is not in point
> here. Citations: Ky. Stat., secs. 4434; Acts 1898, p. 110; Con-
> stitution, secs. 155, 152 and 167; Davidson's Amendments to
> School Laws.

WM. H. HOLT, ALSO FOR APPELLEES.

1. The right to the office of school trustee can not be determined
   in equity. Civil Code, sec. 480.
2. An office becomes vacant when the term ends.
   > Citations: Ky. Stat., secs. 4434, 4436, 4396, 4445; Acts 1898,
   > p. 110-113.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought in the Wolfe circuit court, by
the appellants, W. T. Swango and Morton Pieratt, against
John M. Rose and Eliza James, appellees; and it is al-
leged that appellee J. M. Rose is claiming to be one of the
trustees of the common school district No. 26, Wolfe
county, and it is alleged that Rose is not a trustee, but
that Pieratt is, and that Rose is usurping the office of
trustee held by Pieratt. It is admitted that appellant
Swango and appellee James are trustees. The contro-
versy arose over the employment of a teacher. The ap-
pellants employed one person as teacher; the appellees,
another.

A temporary injunction was issued as against ap-
pellees, trustees, but it did not apply to the teacher.
On final hearing, this temporary injunction was dissolved,
and the court adjudged that the appellee Rose was the
third trustee, and that appellant Pieratt was not, and
dismissed the petition. From that judgment, this appeal
is prosecuted.

The facts in evidence show that Swango and James are

legal trustees. About this there is no controversy. At the regular election for school trustee in June, 1895, one J. T. Pieratt was elected trustee, and afterwards qualified as such, but in June, 1897, resigned, and on June 14, 1897, appellant Morton Pieratt was appointed by the county superintendent to fill the vacancy caused by the resignation of J. T. Pieratt. On July 1, 1898, the county superintendent, being of opinion that there was a vacancy in the office of trustee appointed Rose trustee. The order reads: "John M. Rose appointed trustee in district No. 26, to fill vacancy caused by J. M. Pieratt's term expiring July 1st, 1898."

The county superintendent says, in his deposition, that the appointment was made because, as he understood the law, there was a vacancy, and that there was no charge of misconduct or of anything against Pieratt.

There is no question of the power of the county superintendent to fill a vacancy by appointment, and there is no question as to the regularity of the proceedings had herein. The sole question presented is, was there a vacancy July 1, 1898, by the expiration of the term of J. M. Pieratt? If there was, Rose was legally appointed, and is the trustee. If there was not a vacancy, Pieratt is the trustee. Prior to the act of March 17, 1898 (being chapter 44 of the Acts of 1898), the election of school trustee was held on the first Saturday in June of each year, and the trustee then elected took his office July 1st following, and held for a term of three years, and until his successor was elected and qualified. Appointments to fill the vacancies in the office of trustee of common schools are not like appointments to other offices. Appointments generally to fill vacancies are till the next regular election, and then a person is elected to fill the unexpired term; but, by the

school law, an appointee to fill vacancy in the office of trustee "holds his office until the end of that term, and until his successor is elected or appointed and qualified." So, it is clear that Pieratt held under the appointment to the end of that term (July 1, 1898), and until his successor was elected or appointed and qualified.

By the act of March 17, 1898, which, by reason of an emergency clause, went into effect on its approval, the election of trustees was changed from June till October of each year; but it was still provided that the trustee elected should go into office July 1st, after his election, and hold for a term of three years, as before.

There could be no election in June, 1898, to select a person to be trustee from July 1, 1898, when the term of Pieratt expired; but, by the law, he would be elected in October, 1898, and go into office July 1, 1899. There is no express provision in the act of 1898 as to whether the person in office should hold over, or that authorized the county superintendent to appoint a trustee for a full term of three years from July 1, 1898. The Legslature, in passing the act of March 17, 1898, must have known that the term of one trustee in each district in the State would expire before the election provided for by the law as amended could be held. It must have known that, by the very section amended, the trustee would hold till his successor was elected or appointed and qualified; and it must have known that, if the county superintendent appointed a trustee, it was to the end of that term. If the intention was to permit the county superintendent to appoint, he must appoint one trustee in each district for a full term of three years. If, on the other hand, it was intended that the trustee should hold over, it would result in extending for one year the terms of the three trustees in office. One

or the other of these things must happen. We are of opinion that, following the spirit of our institutions, the legislature must have intended that the trustees in office, most of whom had been elected by the people, should hold over till the trustee elected in October came into office, July 1, 1899. This is government of the people and by the people. It follows that the county superintendent, in appointing Rose as trustee, had no authority so to do, as there was no vacancy, and the appointment is void. Pieratt's term will not expire till his successor, elected in October, 1898, qualifies, which can not be earlier than July 1, 1899. The judgment of the circuit court, not being in conformity to these views, is erroneous and must be reversed, and the cause remanded, with directions to perpetuate the injunction, and to declare that Pieratt is the legal trustee, and for proceedings consistent herewith.

Judge Hazelrigg delivered response to petition for rehearing.

As the county superintendent, "in case of controverted right to the office of trustee," is empowered "to recognize a trustee among the contestants until the dispute has been settled," it would seem to follow that the acts of one so recognized, in the employment of teachers, etc., must be held valid; but, as this question is not presented in the record before us, we must decline the suggestion of counsel to settle it, and can and do make no authoritative decision on the subject. Petition overruled.