[L. A. No. 27737. In Bank. March 11, 1964.]

WALTER S. BINNS et al., Plaintiffs and Respondents, v. BENJAMIN S. HITE, as Registrar of Voters, etc., Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Assistant County Counsel, for Defendant and Appellant.

Loeb & Loeb and Herman F. Selvin for Plaintiffs and Respondents.

GIBSON, C. J.—Defendant Benjamin S. Hite, as Registrar of Voters of Los Angeles County, appeals from a judgment declaring that section 25304 of the Elections Code, added in 1963, is unconstitutional and should not be applied by defendant.[1] The judgment was rendered in an action for declaratory relief instituted by plaintiffs, who are duly elected or appointed judges of the Municipal Court for the Los Angeles Judicial District and who are candidates to succeed themselves as such judges at the primary election to be held on June 2, 1964. The action was tried prior to the last day for the filing of a declaration of intention to become a candidate, and after this appeal was taken it appeared that candidates have filed in opposition to only two of the 26 plaintiffs.

Section 25304 provides, in brief, that in any judicial district containing a population of 2,000,000 or more in which only the incumbent has filed nomination papers for the office of municipal court judge his name shall not appear on the ballot at either the primary or the general election unless, within certain designated times, a petition signed by 100 registered voters has been filed indicating that a write-in campaign will be conducted for the office and that if, in con-

---

[1]Section 25304 of the Elections Code provides: ''In any judicial district containing a population of 2,000,000 or more, as determined by the last preceding federally published decennial census, in which only the incumbent has filed nomination papers for the office of municipal court judge, his name shall not appear on the ballot unless there is filed with the county clerk or registrar of voters, within 20 days after the final date for filing nomination papers for the office, a petition indicating that a write-in campaign will be conducted for the office and signed by 100 registered voters qualified to vote with respect to the office.

''If a petition indicating that a write-in campaign will be conducted for the office at the general election, signed by 100 registered voters qualified to vote with respect to the office, is filed with the county clerk or registrar of voters not less than 45 days before the general election, the name of the incumbent shall be placed on the general election ballot if it has not appeared on the direct primary election ballot. If, in conformity with this section, the name of the incumbent does not appear either on the primary ballot or general election ballot, the county clerk or registrar of voters, on the day of the general election, shall declare the incumbent reelected.''

formity with this section, the name of the incumbent does not appear on either the primary or the general election ballot, the county clerk or registrar, on the day of the general election shall declare the incumbent reelected.[2]   By almost identical language a 1962 amendment to section 6 of article VI of the Constitution provided for a similar procedure with respect to superior court judges in counties containing a population of 5,000,000 or more. ▮   In *Barrett* v. *Hite, ante,* p. 103 [37 Cal.Rptr. 320, 389 P.2d 944], we held that the amendment to the Constitution is applicable to incumbent judges who have been appointed to office as well as to judges who have been elected, and a similar construction must, of course, be given to section 25304.

▮   Plaintiffs assert that section 25304 is contrary to the provision in section 11 of article VI of the Constitution that judges of the municipal court ''shall be elected by the qualified electors of the district; . . .'' Section 11, however, also declares that, except as such matters are otherwise provided in this article, the Legislature shall provide ''the manner in which'' judges of municipal courts shall be elected or appointed, and in our opinion section 25304 relates to the ''manner'' of the election ▮   As we held in *Barrett* v. *Hite, ante,* at pp. 105-106 [37 Cal.Rptr. 320, 389 P.2d 944], the word ''elect'' has the broad meaning of ''select'' or ''choose'' as well as the narrower meaning of elect by vote.

▮   The Constitution does not require that there be an actual balloting and tabulation of votes, provided there is some appropriate procedure by which the selection or choice is made by the ''electors.'' Section 25304 furnishes such a procedure with respect to an incumbent judge who is unopposed and as to whose office no petition for a write-in campaign has been filed. Under the terms of the section, if there are electors who wish to prevent an incumbent from succeeding himself in office, they may present another candidate or may file a petition indicating that a write-in campaign will be conducted, and when either step is taken the name of the incumbent must be placed on the ballot. The choice as to whether the incumbent's name will be on the ballot is thus left to the electors, and if they do not take one of the steps permitted by section 25304 it is obvious that, by their inaction, they have ''elected,'' i.e., chosen, to retain the incumbent in office

---

[2]At present the Los Angeles Judicial District is the only one having a population of 2,000,000 or more.

without requiring that his name be submitted to an actual vote.

The fact that the procedure devised by the Legislature requires electors who are interested to take the initiative if they wish the incumbent's name to be on the ballot does not impose an unreasonable burden upon them. In view of the comparatively small number of electors' signatures required in order to attain the placing of the incumbent's name on the ballot, it is readily apparent that if there is sufficient opposition to the incumbent to have any significant effect at all, there will be no difficulty in obtaining the necessary signatures.

The case of *Chambers* v. *Terry,* 40 Cal.App.2d 153, 155-156 [104 P.2d 663], relied upon by plaintiffs, is not in point. The court there held that the Legislature has no power to impose qualifications upon municipal court judges where such qualifications are precluded by the provision in section 11 of article VI which excepts from the powers of the Legislature "such matters as 'are otherwise provided in this article.'" As we have seen, the statute does not conflict with the requirement of section 11 that municipal court judges are to be elected by the qualified electors of the district.

██ ██ Plaintiffs also assert that section 25304 conflicts with the declaration in section 1 of article II of the Constitution that every citizen, with certain exceptions not pertinent here, "shall be entitled to vote at all elections which are now or may hereafter be authorized by law; ..." Their position is that the consitutional guaranty includes the write-in vote and that the statute abridges it. The Constitution contains no express provision permitting write-in votes or forbidding the Legislature from prescribing conditions under which write-in votes may be cast. We are not confronted here with an attempt by the Legislature to abolish write-in votes but rather with a statute regulating the use of such votes, and in the absence of a clear limitation in the Constitution the Legislature has power to establish reasonable regulations governing write-in procedures. Moreover, any other interpretation of section 1 of article II would be anomalous in view of the recent amendment to section 6 of article VI of the Constitution providing for a similar procedure with respect to the closely parallel situation concerning superior courts in counties having a population of 5,000,000 or more.

Our conclusion is not contrary to *Cohn* v. *Isensee,* 45 Cal. App. 531 [188 P. 279], cited by plaintiffs. It was there held

that sections 1196 and 1197 of the former Political Code, construed together with an act providing for recall of elective officers of incorporated cities and towns (Stats. 1911 (Ex. Sess. 1911) ch. 32, p. 128), required that ballots in a recall election contain suitable blank spaces for writing in names of persons whose names are not printed on the ballots. The opinion contains language to the effect that the statutes would be unconstitutional if construed to prohibit electors from voting for persons whose names are not printed on the ballots and that this would be true even though a voter, together with other electors, could by filing a nomination paper have the name of another candidate placed on the ballot. (45 Cal.App. at pp. 538-540.) This language, however, was not necessary to the decision, and it is disapproved insofar as it is inconsistent with the views expressed here.

The procedures set forth in section 25304 are without doubt reasonably designed to accomplish the legitimate purposes of the statute. As pointed out in *Barrett* v. *Hite, supra, ante,* pp. 103, 106, relating to the election of superior court judges, the purposes of such legislation include simplification of an otherwise unduly long and confusing ballot by elimination of uncontested offices, reduction of the length of the ballot, facilitation of vote tabulation, and reduction of election costs. The section permits an incumbent candidate's name to remain off the ballot only if he has no real opposition, and it provides readily available methods by which even a very few persons can obtain the printing of the incumbent's name on the ballot. When the necessity of accomplishing the purposes underlying section 25304 is weighed against the comparatively slight burdens imposed upon electors who desire to have an incumbent candidate subjected to a write-in vote, we are of the view that the statute is within the bounds of the Legislature's power to provide the manner in which judges of municipal courts shall be elected.

There is no merit to plaintiffs' assertion that section 25304, being presently applicable only to the Los Angeles Judicial District, is a special law and therefore invalid under section 25 of article IV of the Constitution. The Legislature, of course, may make reasonable classifications (*Johnson* v. *Superior Court,* 50 Cal.2d 693, 699 [329 P.2d 5]), and there is a proper basis for making a distinction between districts having a population of 2,000,000 or more and those which are smaller. The need for legislation such as section 25304 is greater in proportion to the number of uncontested judicial offices which would appear on the ballot in absence of the

statute, and obviously the number of such offices will be greater in the larger districts. The Los Angeles Judicial District has 49 municipal judges, more than three times the number in the next largest district, San Diego, which has 16. (In other large districts San Francisco has 15 judges, Oakland-Piedmont 9, Sacramento 8, San Jose-Alviso 8, Anaheim-Fullerton 6, and Long Beach 6.) The sharp difference between the character of the Los Angeles Judicial District and the others in the state warranted the Legislature in drawing the line where it did.

The judgment is reversed.

Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.