[L. A. No. 27736. In Bank. March 11, 1964.]

NEWELL BARRETT et al., Plaintiffs and Appellants, v. BENJAMIN S. HITE, as Registrar of Voters, etc., Defendant and Respondent.

Loeb & Loeb and Herman F. Selvin for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Assistant County Counsel, for Defendant and Respondent.

GIBSON, C. J.—The plaintiffs in this action for declaratory relief are judges of the Superior Court for the County of Los Angeles. Each of them was appointed to that office by the Governor since the last primary or general election, none of them has ever been elected by a vote of the electors, and each is a candidate to succeed himself in office at the primary election to be held on June 2, 1964. The action was brought to determine whether the names of incumbent judges who have been appointed but not elected to office should be placed on the ballot at the primary or general election if it appears that only the incumbent has filed nomination papers for the office and if it further appears that no petition has been filed indicating that a ''write-in campaign'' will be conducted for that office. The question presented involves the construction of section 6 of article VI of the Constitution as amended in 1962, and the trial court held that the amendment applies to all incumbent superior court judges whether or not previously elected by the voters and that defendant should follow the provisions of the amendment as so construed.

Section 6 of article VI as amended provides, among other things, that each county, or city and county, shall have a superior court, for each of which at least one judge shall be elected by the qualified electors of the county, or city and county, at the general state election, ''except that in any county or city and county containing a population of 5,000,000 or more ... in which only the incumbent has filed nomination papers for the office of superior court judge, his name shall not appear on the ballot unless there is filed with the county clerk or registrar of voters, within 20 days after the final date for filing nomination papers for the office, a petition indicating that a write-in campaign will be conducted for the office and signed by 100 registered voters qualified to vote with respect to the office.

''If a petition indicating that a write-in campaign will be conducted for the office at the general election, signed by 100 registered voters qualified to vote with respect to the office, is filed with the county clerk or registrar of voters not less than 45 days before the general election, the name of the incumbent shall be placed on the general primary election ballot ....

If, in conformity with this section, the name of the incumbent does not appear either on the primary ballot or general election ballot, the county clerk or registrar of voters, on the day of the general election, shall declare the incumbent re-elected."[1] (The quoted provisions were added by the 1962 amendment.)

 Plaintiffs contend that by employing the word "re-elected" the amendment discloses an intent that it apply only to incumbent judges who have previously been elected by the voters. They argue that in ordinary or popular usage the word "elected" means chosen to office by vote of the electorate as distinguished from "appointed," which means chosen by some official or small body of officials, and that a judge never before elected cannot be "re-elected."

The word "re-elected" appears in the latter portion of the amendment and relates only to the declaration to be made by the county clerk or registrar. The other portions of the amendment, which set forth the principal rules to be followed, refer, without qualification, to the "incumbent" in designating the persons to whom the amendment is applicable. The word "incumbent" is, of course, sufficiently broad to include all persons holding office at the times referred to in the amendment, whether elected by the voters or appointed by the Governor. Giving effect to the word "re-elected" in the manner urged by plaintiffs would therefore result either in an implied qualification of the word "incumbent" or in the creation of a conflict between the portion of the amendment using the word "re-elected" and the various other provisions which by their terms apply generally to all incumbents. We are of the view, however, that the word "re-elected" may properly be interpreted so as to avoid either of these unfortunate choices.

 Although it is true, as plaintiffs point out, that ordinarily "elect" refers to a determination made by voters, the word also has a broader meaning, namely, "to make a selection of: Choose . . . to choose (a person) for an office . . ." (Webster's New Internat. Dict. (3d ed. 1961) p. 731), "to make choice of (a person) . . ." (Funk & Wagnall's New Standard Dict. (1958) p. 798), and "to pick out, choose . . ." (3 Oxford English Dict. (1933) p. E-74). Roget's International Thesaurus (1946) p. 420, gives as synonyms the following: "choose, elect, select, pick . . . ; *appoint*, elect,

---

[1]Los Angeles County has a population of over 5,000,000.

assign, ... designate, ... place in office, choose for a post or position . . . ." (Italics added.) In accord with these definitions the court in *Odell* v. *Rihn*, 19 Cal.App. 713, 719 [127 P. 802], after recognizing that "elected" and "appointed" ordinarily are not synonymous, stated: "In its broadest sense, however, the word 'elected' means merely selected. When used in that sense the word 'elected' is synonymous with the word 'appointed'; ..." (See also *Main* v. *Claremont Unified School Dist.*, 161 Cal.App.2d 189, 194-195 [326 P.2d 573].)

■ The more reasonable interpretation of the amendment is that the word "re-elected" is used in its broader sense, i.e., that the county clerk or registrar is to declare that the incumbent is again chosen or selected to hold the office of judge. As so construed not only does the word have an acceptable meaning but also the term "incumbent" is given full effect and all portions of the amendment are harmonized.

Moreover, our construction of the amendment will tend to promote its purposes whereas the position taken by plaintiffs, if adopted, would render the measure less effective. The argument contained in the ballot pamphlet in favor of the amendment explained that the purposes of the measure were to simplify elections by making it possible to eliminate "uncontested judgeships" from the ballot, to direct attention to contested offices, to avoid confusion, to reduce the length of the ballot and costs of elections, to increase accuracy and speed of vote tabulation, and to make use of mechanical vote-counting more feasible. It was there pointed out, among other things, that in a prior election the voters were forced to search through 65 uncontested judicial elections in order to find the three offices for which there was a contest. It is obvious that these declared purposes would be thwarted to the extent that the names of unopposed incumbents who had been appointed rather than elected were placed on the ballot. The argument submitted to the voters contains nothing suggesting that a distinction was intended between elected and appointed incumbents, and it seems likely that there would have been comment on the matter if such a distinction had been contemplated.

This action was tried prior to the last day for the filing of a declaration of intention to become a candidate. After the appeal was taken it appeared that a candidate had filed in opposition to one of the plaintiffs, and, of course, the name of the opposed judge must be on the ballot. Time for the filing

of write-in petitions has not yet expired, and if such a petition, properly signed, is filed the name of the incumbent judge of the office affected must also be placed on the ballot.

The judgment is affirmed.

Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.