**David SHIELDS, Appellant,**

v.

**James Edward WILKINS, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

---

1. Criminal Code Section 244 has been replaced by RCr 9.66.

Tyler C. Bourne, Paducah, for appellant.

Charles A. Williams, H. E. Miller, Jr., Paducah, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The question on this appeal concerns the tenure of a person appointed member of the board of education of a county school district to fill the vacancy in that office. The appellant contends that the appointment of the appellee by the State Board of Education pursuant to KRS 160.190 entitled the appellee to hold the office only until the next general election, which in the present case occurred at the November election 1968.

The appellee argues that the constitutional provisions for filling vacancies in public offices do not apply to members of boards of education and cite § 155 of the Constitution of Kentucky. Before proceeding further, let us look briefly at the facts.

In November 1966, E. Ervin Johnston was elected a member of the Board of Education for the Third District Division of McCracken County, Kentucky, for a term of four years commencing January 1, 1967, and continuing through December 31, 1970.

Johnston resigned effective November 16, 1967. The remaining members of the County Board of Education could not agree as to filling of the vacancy created by the resignation of Johnston within the 90-day period allotted by KRS 160.190, and pursuant to the same statute the State Board of Education filled the vacancy by appointing the appellee, James Edward Wil-

kins, to that office on March 12, 1968. The appellant, a resident of the county and district involved, filed a petition with the county of McCracken County on September 21, 1968, declaring as a candidate to be voted for in the November election 1968. Simultaneously appellant filed a petition in McCracken Circuit Court asking for a declaration of his claimed rights and for an order directing that his name appear on the ballot in the November 1968 election in the district involved. An order of the circuit court was entered directing that his name appear on the ballot at this election, and his name, and no other, did appear on the ballot for the school district.

After appellant filed a motion for summary judgment in the circuit court, the Honorable Raymond C. Schultz, special judge of the court, rendered a judgment on January 6, 1969, in which he stated that in his opinion there was no vacancy in the office in question and that the appointment of James Edward Wilkins, the appellee herein, was for the full term ending December 31, 1970.

■ Section 155 of the Constitution of Kentucky reads as follows:

"School elections; exceptions in favor of.—The provisions of sections 145 to 154, inclusive, shall not apply to the election of school trustees and other common school district elections. Said elections shall be regulated by the General Assembly, except as otherwise provided in this Constitution."

Ordinarily vacancies in public offices are filled pursuant to § 152 of the Constitution. By § 155 of the Constitution, school elections and school officials were excepted from § 152 of the Constitution relative to vacancies.

In Swango v. Rose, 105 Ky. 294, 49 S.W. 40, this court was confronted with a similar question. It was written therein at page 41:

"Appointments to fill the vacancies in the office of trustee of common schools are not like appointments to other offices. Appointments generally to fill vacancies are till the next regular election, and then a person is elected to fill the unexpired term; but, by the school law, an appointee to fill vacancy in the office of trustee 'holds his office until the end of that term, and until his successor is elected or appointed and qualified.' "

Section 155 of the Constitution has been interpreted down through the years to clearly indicate that §§ 145 to 154 should not apply to school elections. Among the cases so holding is McKinney v. Board of Trustees of Cadiz Graded Common School District, 144 Ky. 85, 137 S.W. 839, which holds that more than one election may be held in one year on a proposal to issue bonds for the district.

As further evidence § 155 of the Constitution made an exception relative to school elections, this court held in Clark v. Board of Trustees of Dawson Springs Graded School, 164 Ky. 210, 175 S.W. 359, that school elections may be held on a day other than on a regular election day. See also Smith v. Board of Trustees of Shelby Graded School District, 171 Ky. 39, 186 S.W. 927.

This court held in Crook v. Bartlett, 155 Ky. 305, 159 S.W. 826, that the General Assembly has plenary powers to determine the qualifications for eligibility for school trustee and the right to vote for candidates for such office.

■ Section 155 also confers on the Legislature full power to regulate everything relating to the management and control of the common schools of this state. Stuessy v. City of Louisville, 156 Ky. 523, 161 S.W. 564.

We conclude that the selection of a person to fill a vacancy in a common school district office is synonymous with an election within the meaning of § 155 of the Constitution.

Having concluded that the manner of filling vacancies in the present case is governed by legislative act and not by § 152 of the Constitution, we turn now to the statute relative to vacancies and find that KRS 160.190, which relates to vacancies, provides:

"* * * The member so chosen shall hold office for the unexpired term and until his successor is elected and has qualified."

We conclude that the trial court was correct in its finding that appellee's appointment covered the 4-year term ending December 31, 1970.

The judgment is affirmed.

All concur.