690 P.2d 444

**Bob C. STEPHENS,
Contestant-Appellee,**

v.

**Wesley A. MYERS, Contestee-Appellant.**

No. 15628.

Supreme Court of New Mexico.

Nov. 2, 1984.

Garrett & Richards, Michael T. Garrett, Clovis, for contestee-appellant.

David L. Norvell, Albuquerque, for contestant-appellee.

## OPINION

RIORDAN, Justice.

This Court previously issued a Peremptory Writ of Mandamus in *Myers v. Hawkins,* S.Ct. No. 15,435 (filed May 24, 1984), determining that the Curry County Clerk (Clerk) lacked the authority to strike Wesley A. Myers' (Myers) declaration of candidacy for Curry County Sheriff (Sheriff) absent a judicial determination of insufficiency or invalidity. Bob C. Stephens (Stephens) subsequently filed an election contest suit against Myers questioning Myers' eligibility to serve as Sheriff. Upon Stephens' motion, the district court granted summary judgment against Myers. Myers appeals. We affirm.

The issue on appeal is whether Myers has served two consecutive terms as Sheriff.

Myers was elected Sheriff for the term January 1, 1981 through December 31, 1982, and took office on January 1, 1981. Soon thereafter it was discovered that Myers had previously been convicted of a felony in Texas and that the felony conviction had not been exonerated by executive pardon until after he took office. Therefore, Myers was not qualified to seek or hold elective office in New Mexico when he was nominated or elected. This was brought to the attention of the County Commission of Curry County (County Commission). At their March 2, 1981, meeting, at 11:50 a.m., the County Commission accepted Myers' resignation. Myers left the meeting and went to the County Clerk's office where he registered as a qualified voter. Myers then returned to the County Commission meeting. At 11:58 a.m., the County Commission appointed him to serve the remaining term of office as Sheriff, which he served from March 2, 1981 through December 31, 1982. Myers was again elected Sheriff in November 1982 for the term January 1, 1983 through December 31, 1984, and is currently serving that term.

On April 3, 1984, Myers executed the requisite Declaration of Candidacy in order to seek re-election for the 1985–86 elective term. Myers was nominated in the June 5, 1984 primary election as the Democrat candidate for the office of Sheriff in the Gen-

eral Election to be held on November 6, 1984.

On July 11, 1984, Stephens filed an election contest against Myers pursuant to NMSA 1978, Sections 1–14–1 and 1–14–3. Stephens alleged that "but for a gap of eight minutes [Myers] will have served two consecutive terms as Curry County Sheriff at the conclusion of his present term." Therefore, Stephens argued, under N.M. Const. art. X, Section 2, Myers was not legally qualified to be a candidate for Sheriff. Myers filed his answer, and Stephens thereafter moved for summary judgment. On October 4, 1984, the district court granted summary judgment and ordered Myers' name removed from the general election ballot.

Article X, Section 2 provides:

All county officers shall be elected for a term of two years, and after having served two consecutive terms, shall be ineligible to hold any county office for two years thereafter.

Myers contends that he is not ineligible under Article X, Section 2, to seek another term as Sheriff. He claims that he was not qualified to be elected nor to serve an elective term until he registered as a qualified voter on March 2, 1981. Myers further claims that after registering as a qualified voter, he was *appointed* to serve the remainder of the 1981–82 term from which he resigned, and thus did not serve one elected term. Myers therefore claims that he has served only one elective term as Sheriff, his present term. We disagree.

Myers was *elected* to serve from January 1, 1981 through December 31, 1982, and he did serve that term, but for eight minutes. The fact that he resigned and was appointed eight minutes later does not change the fact that he actually served two full terms. Determining otherwise would allow an incumbent to "resign before the end of his second consecutive term and thus contend he has not served the full two terms." AG Op. No. 59–115 (1959). Given Myers' present factual situation, we can only hold that Myers has served two consecutive terms as Sheriff, and therefore is ineligible

under Article X, Section 2, to seek reelection in the November 6, 1984 general election.

Summary judgment is proper if "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." NMSA 1978, Civ.P.R. 56 (Repl.Pamp.1980); *See Sweenhart v. Co-Con, Inc.*, 95 N.M. 773, 626 P.2d 310 (Ct.App.), *cert. denied*, 95 N.M. 669, 625 P.2d 1186 (1981). In the present case, there is no genuine issue of material fact and Stephens was entitled to a judgment under Article X, Section 2. We therefore conclude that the district court did not err in granting summary judgment against Myers.

The district court's granting of summary judgment is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., JOSEPH A. ALARID, Judge, Court of Appeals, and TONY SCARBOROUGH, Judge, First Judicial District Court, concur.