QUESTIONS PRESENTED AND CONCLUSIONS
1. Is a person an "elected official" under Colo. Const. art. XVIII, §11(1) if the person is declared elected after an election is cancelled?
Yes.
2. Is an "elected official" who is subject to the provisions of Colo. Const. art. XVIII, § 11 deemed to have completed a full term of office if the official resigns from office prior to the expiration of his term?
Yes.
 DISCUSSION
1. In 1994, Colorado voters enacted term limits for local government officials. Colo. Const. art. XXVIII, § 11(1) states:
 In order to broaden the opportunities for public service and to assure that elected officials of governments are responsive to the citizens of those governments, no nonjudicial elected official of any county, city and county, city, town, school district, service authority, or any other political subdivision of the State of Colorado, no member of the state board of education and no elected member of the governing board of a state institution of higher education shall serve more than two consecutive terms in office, except that with respect to terms of office which are two years or shorter in duration, no such elected official shall serve more than three consecutive terms in office. This limitation on the number of terms shall apply to terms beginning on or after January 1, 1995. For purposes of this Section 11, terms are considered consecutive unless they are at least four years apart.
Special districts are political subdivisions. § 32-1-103(20), C.R.S. (2004). Boards of directors govern special districts. § 32-1-1001, C.R.S. (2004). The directors are generally elected to their office in contested elections. § 32-1-804, C.R.S. (2004). Frequently, however, candidates for directorships do not face opposition. If the only matter before the electorate is the election of candidates to a board, and there are not more candidates than offices to be filled at the election, then the election official, if instructed by the board, must cancel the election and "declare the candidate elected." § 1-5-208(1), C.R.S. (2004).
Colo. Const. art. XVIII, § 11(1) limits each "elected official" of any political subdivision to two terms of office. The term "elected official" is not defined. Several directors who have been declared elected pursuant to § 1-5-208(1) contend that they are not elected officials, as that term is used in article XVIII, § 11, because they were not selected at an election in which voters cast ballots; therefore, they reason, they are not subject to term limits.
Words and phrases within a constitutional amendment must be given their ordinary and popular meaning. When the language of an initiated amendment is clear and unambiguous, the amendment will be interpreted as written.Davidson v. Sandstrom, 83 P.3d 648, 654 (Colo. 2004). If the amendment is ambiguous and subject to more than one interpretation, other rules of construction will be utilized. Id. An interpretation of a constitutional amendment must give effect to the electorate's intent. Id. For the following reasons, the phrase "elected official," as used in Colo. Const. art. XVIII, § 11, must be interpreted to include persons who have been elected by actual votes cast or by a declaration of election upon the cancellation of an election.
There are no Colorado cases interpreting the phrase "elected official" in Colo. Const. art. XVIII, § 11. Courts in other states have adopted a broad interpretation of the word "elected" when reviewing the question of eligibility of candidates for public office. Two companion California cases provide guidance. In Barrett v. Hite, 389 P.2d 944 (Cal. 1964), the plaintiffs sought a declaration that appointed incumbent judges were not qualified to appear on the ballot. The California Constitution provided that election officials shall cancel elections under certain circumstances and must declare the incumbent reelected. The plaintiffs argued that this provision did not apply to judges who were appointed and not elected to their offices.
The Court rejected the plaintiffs' argument. The Court viewed the word "elect" within the context of the applicable constitutional provision. It stated:
 Although it is true, as plaintiffs point out, that ordinarily "elect" refers to a determination made by voters, the word also has a broader meaning, namely, "to make a selection of: Choose * * * to choose (a person) for an office * * * (Webster's New Internat. Dict. (3d ed. 1961) p. 731), "to make choice of (a person) * * *" (Funk Wagnall's New Standard Dict. (1958) p. 798), and "to pick out, choose * * *" (Oxford English Dict. (1933) vol. III, p. E7-4). Roget's International Thesaurus (1946) p. 420, gives as synonyms the following: "choose, elect, select, pick * * *: appoint, elect, assign * * * designate * * * place in office, choose for a post or position. * * *" (Italics added.) In accord with these definitions the court in Odell v. Rihn, 19 Cal. App. 713, 719, 127 P. 802, 805, after recognizing that "elected" and appointed are not synonymous, stated: "In its broadest sense, however, the word "elected" means merely "selected." When used in that sense the word "elected" is synonymous with the word "appointed."
Barnett, 389 P.2d at 944.
In Binns v. Hite, 389 P.2d 947 (Cal. 1964), the plaintiffs argued that incumbent judges could not be declared elected if they had no challengers and the election was subsequently cancelled. Adopting the broad definition of "elect," the California court ruled that the California constitution did "not require that there be an actual balloting and tabulation of votes, provided there is some appropriate procedure by which the selection or choice is made by `electors'." Id. at 949. If an incumbent did not have a challenger, electors, by their inaction, chose to retain the incumbent in office. Id.
The Kentucky Supreme Court also adopted a broad interpretation of the word "elect" in Shields v.Wilkins, 449 S. W.2d 220 (Ky. 1969). In that case, a person was appointed to fill a vacancy on a school board. The Kentucky Constitution generally provided that a person who was appointed to fill a vacancy could hold office only until the next general election. A provision specifically applicable to school districts stated, "The provisions of sections 145-154, inclusive, shall not apply to the election of school trustees and other common school district elections." Id. at 222. A citizen argued that the exemption did not apply to school trustees who had been appointed. The Kentucky court found that the appointment to fill a vacancy in a school district office was equivalent to an "election" as that term was used in Kentucky's constitution. There was no reasonable ground upon which to distinguish appointed school trustee and elected school trustees. Id. at 223.
A broad definition of the word "elected official" is consistent with the intent of article XVIII, section 11(1). The precatory language states that the measure is intended "to broaden the opportunities for public service" and to assure that officials in elective offices are responsive to the citizenry. An interpretation encompassing officials appointed to fill the vacancy in an elected office or officials who are selected at an election that has been cancelled is consistent with the intent to change the identity of persons holding office.
In addition, the arguments presented to Colorado voters did not confine term limits to candidates who participated in an election in which votes were actually cast. Legislative Council of the General Assembly, AnAnalysis of 1994 Ballot Proposals, Research Publication No. 392 (1994). Proponents argued that "[e]xtending term limits to local officials" was part of the term limit concept. Id. at 55 (emphasis added). Opponents contended:
 The proposal unnecessarily imposes term limitations on all local government offices rather than simply authorizing local citizens to impose local limits where needed or desired. The statewide mandate imposes uniform term limits on thousands of elected offices throughout the state.
Id. (emphasis added). Both proponents and opponents framed the measure in terms of persons who occupy an elective office. Neither side limited the discussion to persons who were selected at an actual election.
An interpretation that distinguishes between candidates who are declared elected because they have no opponents and candidates who win a contested election leads to an illogical conclusion. In order that officials be subject to term limits, the political subdivision would be required to incur the expense of holding an unnecessary election. The candidates do not face any opposition, either because the candidates are very popular, or the public is disinterested, or for some other reason. Regardless of the reason, holding an election is a waste of taxpayer funds.
A narrow definition also leads to inconsistent results. The decision to hold an election if there is no opposition is left to candidates for the director of the board of the special district. If the special district does not hold an election, then those candidates who are declared elected could run for more than two full terms. Candidates who faced opposition would be limited to two terms. Under the narrow definition, one set of directors would be subject to term limits while the other set of directors could be elected for an unlimited number of terms, even though both sets are serve the same number of terms.
Moreover, the narrow interpretation is contrary to the stated goals of broadening opportunities for public service and assuring that governments are responsive to citizens. Colo. Const. art. XVIII, § 11 is designed to remove or reduce the influence of incumbency on elections. A broader interpretation enhances the stated goals by limiting incumbency.
The term "elected official," as used in Colo. Const. art. XVIII, § 11, includes persons elected to a local office at an actual election or deemed elected as a result of a cancelled election.
2. This office issued an opinion stating that the limits set forth in article XVIII, § 11 do not include appointments to fill vacancies for parts of terms. Op. Att'y Gen. No. 2000-2 (February 9, 2000), pp. 9-10. The exact question presented was whether the provision "applies to terms of office that result from interim appointments made to fill a vacancy."Id. at p. 9.
The opinion concluded that a partial term did not constitute a "term" for purposes of article XVIII, § 11. The opinion did not address the question presented in this opinion, namely the right of a person who resigns from office to seek a third term. Concern has been expressed that local officials may attempt to circumvent term limits by resigning from office prior to the end of the second term.[1]
A resignation "is a formal notification of relinquishment of an office or position." Mauldin v. Panella, 17 P.3d 837, 840 (Colo.App. 2000) (quoting Black's Law Dictionary 1311 (Rev. 7th ed. 1999)). However, resignations will not be recognized if the resignation effectively allows the officeholder to avoid compliance with the law. As noted in People exrel. Rosenberg v. Keating, 112 Colo. 26, 30-1, 144 P.2d 992, 994 (1944):
 The right of any public official to resign cannot be doubted; but when the resignation is predicated upon the premise, stated, or which his conduct may imply, that it is to avoid performing a specific duty in the interest of a party in whose behalf such official is legally bound to act, his resignation, however formally tendered and accepted, will be regarded as without effect. Otherwise, public officials, persistently and successively resigning their offices, could work the undoing of parties whose rights are dependent upon action by those officials. The law will not be mocked, nor will ministers of justice, to whom appeal is made for relief in such situations, fail to grant relief. . . .
The New Mexico Supreme Court analyzed the validity of a resignation that effectively circumvented term limits for sheriffs in Stephens v. Myers, 690 P.2d 444 (N.M. 1984). In that case, the defendant was elected sheriff for the term January 1, 1981 through December 31, 1982. Shortly after assuming office, it was discovered that the defendant had been convicted of a felony and had not been exonerated until after he took office. He resigned his office because he was not qualified for the office at the time he was nominated and elected. He was appointed to fill the vacancy eight minutes after he resigned. He was re-elected Sheriff for the term January 1, 1983 through December 31, 1984. In April 1984 he declared for candidate for Sheriff for the 1985-86 term. The plaintiff claimed that the defendant could not seek another term because New Mexico law limited sheriffs to two consecutive terms of office. The defendant claimed that he had not served two consecutive terms because he resigned after he was elected to his first term and then was appointed to serve the remainder of the term. The New Mexico Supreme Court held that the defendant had indeed served two consecutive terms. "Determining otherwise would allow an incumbent to resign before the end of his second consecutive term and thus contend he has not served the full two terms." Id.
at 445.
Resignations likely will result in avoidance of the term limits in article XVIII, § 11(1). Therefore, for purposes of this article, a person who resigns from office will be deemed to have served a complete term.
Correspondingly, a person who is appointed or elected to fill the vacancy will not be deemed to have served a term. This conclusion meshes both with the conclusion in Op. Att'y Gen. 2000-02 that a person who is appointed to fill a vacancy under article XVIII, § 11(1) is not deemed to have served a term of office and with the generally accepted meaning of "term of office." See generally, Denish v. Johnson, 910 P.2d 914, 920 (N.M. 1996) (term of office is a fixed and definite time);State ex rel. Racicot v. District Court, 794 P.2d 1180,1184 (Mont. 1990) (same); People ex rel. Callaway v. DeGuelle, 47 Colo. 13, 20, 105 P. 1110, 1112 (1909) (laws set the length of term).
This interpretation is also consistent with other term limits provisions governing state officials. Under Colo. Const. Art. IV, § 1(2), for example, a person who succeeds to the office of governor, or is appointed or elected to fill a vacancy in the office of secretary of state, state treasurer or attorney general, and who serves at least one-half of a term in office, is deemed to have served a full term for term limit purposes. The person being succeeded, who served less than one-half term in one of these offices, and vacates the office, is deemed not to have served a term. The same result occurs under article V, § 3(2). Only one officer can be limited as a result of serving a partial term.[2]
Likewise, under article XVIII, § 11, only one person is deemed to have served a term for term limit purposes. A person who resigns from office is deemed to have served for the term of the office. For purposes of term limits the person who is appointed and subsequently elected to fill the remainder of the term is deemed not to have served at all.
Two hypotheticals illustrate the application of article XVIII, § 11(1). In the first example, a special district director holds office for four years and is elected to a second four-year term. The director then resigns during the fourth year of his second term and is a candidate for special district director at the next election. The candidate would be ineligible to run for the office, or to hold the office if elected. The director would be deemed to have held the second term for the full four years.
In the second example, a director is elected in 1996 and holds office for four years. The director then runs in 2000 to fill a vacancy in another directorship on the board and is elected, or declared elected, to fill the remainder of the term. After the end of the term, the director runs for a second four-year term in 2002 and is elected. The director is eligible to serve the second four-year term. However, the director cannot run for a third four-year term in 2006 because the gap between the two full terms is less than four years.
 SUMMARY
The term "elected officials" in Colo. Const. article XVIII, § 11 applies to officials who are elected by a vote of the people or who are deemed elected after the cancellation of an election. An elected official who resigns from office at any time during the term is deemed to have completed the full term.
[1] This opinion does not address multiple resignations within one term of office.
[2] This opinion does not address the rare circumstance in which two officers each serves exactly one-half term.